# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK HIGBEE,

      Plaintiff,

v.

EASTERN MICHIGAN UNIVERSITY, et al.,

      Defendants.

Case No. 2:18-cv-13761

Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## REPLY IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Jill M. Wheaton (P49921)
James F. Hermon (P53765)
Ryan VanOver (P82007)
Attorneys for Defendants
Dykema Gossett PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7660
jwheaton@dykema.com
jhermon@dykema.com
rvanover@dykema.com

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................... iii

I. PLAINTIFF IMPROPERLY RELIES ON MATERIALS OUTSIDE OF THE COMPLAINT. ..........................................................................................1

II. PLAINTIFF DOES NOT DISPUTE THAT DEFENDANTS ARE ENTITLED TO CLAIM QUALIFIED IMMUNITY. ...................................2

III. PLAINTIFF HAS NOT DEMONSTRATED THAT IT IS BEYOND DEBATE THAT DEFENDANTS VIOLATED A CLEARLY ESTABLISHED FIRST AMENDMENT RIGHT. ..........................................3

    A. Plaintiff Does Not Show It Was Clearly Established That His Comment Was Protected Speech. ........................................................5

    B. Plaintiff Does Not Show It Was Clearly Established That Under the *Pickering* Balance Test, EMU Was Not Justified In Disciplining Him. ...................................................................................................6

CONCLUSION ..........................................................................................................7

CERTIFICATE OF SERVICE ..................................................................................9

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Becton v. Detroit Terminal of Consol. Freightways*,
  687 F. 2d 140 (6th Cir. 1982) ...................................................................................2

*Connick v. Myers*,
  461 U.S. 138 (1983) ............................................................................................5, 7

*Garcetti v. Ceballos*,
  547 U.S. 410 (2006) .................................................................................................6

*Israel v. Insight Pipe Contracting, LP*,
  2013 U.S. Dist. LEXIS 74379 (W.D. Pa. May 28, 2013) .......................................4

*McCloud v. Testa*,
  97 F.3d 1536 (6th Cir. 1996) ...................................................................................3

*Mullenix v. Luna*,
  136 S. Ct. 305 (2015) ..............................................................................................6

*Pearson v. Callahan*,
  555 U.S. 223 (2009) .................................................................................................3

*Perry v. McGinnis*,
  209 F.3d 597 (6th Cir. 2000) ...................................................................................2

*Pickering v. Bd. of Educ.*,
  391 U.S. 563 (1968) .................................................................................................6

*Rodgers v. Banks*
  344 F. 3d 587 (6th Cir. 2003) ..................................................................................5

*Victor v. McElveen*,
  150 F.3d 451 (5th Cir. 1998) ...................................................................................6

*Wang v. GM, LLC*,
  2018 U.S. Dist. LEXIS 10759 (E.D. Mich. Sept. 20, 2018) ...................................1

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

*Wegner v. Covington*,
    933 F.2d 390 (6th Cir. 1991) ................................................................................................3

*White v. Pauly*,
    137 S. Ct. 548 (2017) ...........................................................................................................4

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.*,
    413 F.3d 553 (6th Cir. 2005) ..........................................................................................1, 4

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................1

**STATUTES**

42 U.S.C. § 1983 .............................................................................................................................7

Public Law 114-157 ........................................................................................................................4

**I. PLAINTIFF IMPROPERLY RELIES ON MATERIALS OUTSIDE OF THE COMPLAINT.**

Rule 12(b)(6) looks almost solely to the Complaint[1] to determine if, assuming the truth of the facts asserted, a claim has been stated as a matter of law. Yet Plaintiff's Response ("Resp") goes well beyond the allegations in his Complaint. He attaches two documents – his own new affidavit and the arbitration Opinion – which he then relies upon. This is wholly improper and they should be ignored.[2] In particular, Plaintiff relies heavily on the arbitrator's opinion, quoting from it, rather than his Complaint, to set out most of his Facts section (Resp, pp. 4-11), and suggesting that the Court defer to the arbitrator's findings. (Resp, p. 3.) This is improper for many reasons.

First, as discussed above, the facts to be considered are those set forth in the Complaint. Second, it is contrary to the agreement of the parties that, as suggested by counsel for Plaintiff at the arbitration, there would be "*de novo* review of his First Amendment claims in federal court." (Ex. 5 to Statement of Undisputed Facts, p. 23.) Third, it is contrary to the case Plaintiff himself cites. *Becton v. Detroit Terminal of Consol. Freightways*, 687 F. 2d 140 (6th Cir. 1982) held that an

---

[1] Courts "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

[2] Affidavits submitted by a party in connection with a 12(b)(6) motion purportedly to provide factual support, are properly struck or disregarded. *Wang v. GM, LLC*; 2018 U.S. Dist. LEXIS 10759 (E.D. Mich. Sept. 20, 2018).

1

arbitrator's decision regarding contractual rights did not "conclusively answer questions" in a later employment discrimination case, and the district court erred in relying upon the arbitrator's decision. Finally, the arbitrator's decision, even if it could be considered, is not binding case law that existed at the time the decision to suspend Plaintiff was made. It is therefore no help to Plaintiff in carrying his burden to prove Defendants violated a clearly established right.[3]

## II. PLAINTIFF DOES NOT DISPUTE THAT DEFENDANTS ARE ENTITLED TO CLAIM QUALIFIED IMMUNITY.

Plaintiff repeatedly misstates Defendants' argument, claiming Defendants argue that the First Amendment does not protect the comment at issue, and even if it did, Defendants are entitled to immunity. (Resp, pp. 2, 12.) Defendants' argument actually tracks the law of qualified immunity, and is: (1) Defendants are entitled to claim immunity because they are officials of a state agency, sued over their performance of a discretionary function; (2) therefore, the burden of proof shifts to Plaintiff to show that Defendants violated a constitutional right that was clearly established at the time of the action at issue, which Plaintiff cannot do, as there was no clearly established law that (a) his speech was protected, and (b) his

---

[3] Plaintiff also argues generally that in "many cases", 12(b)(6) dismissal is not proper as there is inadequate factual development, citing *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000). (Resp., p. 3.) But that case did not involve a motion to dismiss based on qualified immunity, and the district court was criticized for going beyond the pleadings and making findings of fact, which Defendants are not asking this Court to do. Indeed, the Court need not do so, because what exactly was stated in this case is not in question, it was posted on the internet for all to see.

2

interests outweighed Defendant's. Defendants' Motion first showed that the first prong of this test is met, which Plaintiff does not dispute. Therefore, the only question before the Court is whether Plaintiff has met the high burden of overcoming the qualified immunity defense.

### III. PLAINTIFF HAS NOT DEMONSTRATED THAT IT IS BEYOND DEBATE THAT DEFENDANTS VIOLATED A CLEARLY ESTABLISHED FIRST AMENDMENT RIGHT.

Once a defendant establishes they are entitled to claim qualified immunity, the burden shifts to the plaintiff to show that the defendant knew or should have known their actions would violate a clearly established right. *See, e.g., Wegner v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

Plaintiff cites *McCloud v. Testa*, 97 F.3d 1536 (6th Cir. 1996) for the premise that qualified immunity applies only if the law is unclear, but not if the facts are. (Resp, p. 21.) Plaintiff is wrong. As the Supreme Court later held, "[t]he protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Plaintiff makes this (incorrect) argument as relevant to his intended meaning of the phrase "HNIC", which he claims Defendants were mistaken about, as it meant "Head Negroes In Charge." This is a distinction without a difference for purposes of this Motion. It is at least debatable that the "N" in "HNIC" is the "n-

3

word", as established by the many cases cited in Defendants' Brief. (Motion, n. 5.) Thus, the meaning of the term "HNIC" is not clearly established. Defendants' objectively reasonable interpretation that the phrase was one form of derogatory racially-based insult, even if a mistake of fact, does not prevent application of the defense. It is not beyond debate that "HNIC" means "head negro in charge", and is okay to say when referring to a colleague, while "head n-word in charge" is not.[4]

Plaintiff claims he does not have to produce a case directly on point to defeat qualified immunity, citing *White v. Pauly*, 137 S. Ct. 548 (2017). True, but Plaintiff still has to do much more than his Response does. *Pauly* states, "existing precedent *must have placed the statutory or constitutional question beyond debate. In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law*." 137 S. Ct. at 551 (emphasis added). Plaintiff cites no case law establishing that in suspending him for the comment Defendants knowingly violated the law or were plainly incompetent. Defendants' motion should be granted.

---

[4] It is disturbing that Plaintiff takes the position that calling African American members of EMU administration "Head Negros In Charge" is not a racially-based insult. It cannot be disputed that the comment insults members of administration, specifically calling them out by race, which, regardless of the actual term used, is problematic. In addition, the Court can take judicial notice of the fact that in Public Law 114-157, enacted in 2016, the federal government struck certain race-related terms, including "oriental" and "negro", from federal laws. And *Israel v. Insight Pipe Contracting, LP*, 2013 U.S. Dist. LEXIS 74379, at *2 (W.D. Pa. May 28, 2013) found the use of the term "negro" to be a "racial ephithet" and "racial slur".

### A. Plaintiff Does Not Show It Was Clearly Established That His Comment Was Protected Speech.

To overcome immunity, Plaintiff must show that it was clearly established that he was speaking as a private citizen on a matter of public concern. He cites *Rodgers v. Banks* 344 F. 3d 587 (6th Cir. 2003), for the premise that his "entire speech does not have to focus on matters of public concern as long as some portion of the speech does." (Resp, p. 14.) He then cites *Connick v. Myers*, 461 U.S. 138 (1983), for the premise that racial discrimination is always matter of public concern. *Id*. But he fails to address the cases cited in Defendants' Motion that hold that speech, reasonably deemed by an employer to be potentially disruptive, is not protected, even if surrounded by otherwise protected speech. (Motion, pp. 15-18.)

Plaintiff also claims that the comment was "about his employer's failure to handle racial issues properly." (Resp, p. 23.) This actually hurts his case. As the Motion also showed, when the speech is to claim incompetence or poor decision making by an employer, it is not on a matter of public concern. (Motion, p. 17.) Nor does Plaintiff cite any case that would support the idea that the use of the term "HNIC" (regardless of what "n" one is referring to), which is the precise speech at issue, is a matter of public concern. And Plaintiff cites no case in which speech similar to the post, made under similar circumstances, was held to constitute speech made as a private citizen speaking on a matter of public concern such that Defendants should have known the speech was protected.

5

### B. Plaintiff Does Not Show It Was Clearly Established That Under the *Pickering* Balance Test, EMU Was Not Justified In Disciplining Him.

Even if the Court finds Plaintiff has shown that the law is clearly established that he was speaking as a private citizen on a matter of public concern, he also needs to show that it was clearly established that, when the balancing test of *Pickering v. Bd. of Educ.,* 391 U.S. 563 (1968) is applied, Defendants should have known they were acting improperly. He has not done this either.

Plaintiff relies on *Pickering* and *Garcetti v. Ceballos*, 547 U.S. 410 (2006). (Resp, pp. 21-22.) But in neither case did the plaintiff negatively refer to coworkers using race-based terms.[5] Likewise, while Plaintiff is correct that *Victor v. McElveen*, 150 F.3d 451 (5th Cir. 1998) – not binding precedent on this Court – noted that an employee should not be retaliated against for commenting on racially discriminatory practices, that plaintiff also did not negatively refer to minority coworkers. In sum, here too, Plaintiff cites no case that shows it was "clearly established" that suspending Plaintiff was a violation of the balancing test. The "particular conduct" of the parties in the cases on which Plaintiff relies is not even close to the conduct here. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

---

[5] Plaintiff suggests that professors may have more leeway when it comes to speech issues. (Resp., p. 16, n. 18.) He then acknowledges this may be limited to speech in the scholarship and teaching context. Yet Plaintiff makes much of the fact that his comments were *not* part of his teaching duties.

Finally, Plaintiff argues that Defendants produced no evidence of disruption in the workplace. (Resp, p. 20.) Defendants do not need to – an employer is justified in disciplining an employee based on a reasonable prediction of potential disruption based on the speech. *Connick*, 461 U.S. at 152. And Defendants cited many cases in which it was found reasonable for an employer to determine that insulting comments about a co-worker could interfere with the functioning of the workplace and thus, disciplinary action was warranted, even if the speech was protected. (Motion, pp. 19-24.) The fact that these cases exist make the question at least debatable, and thus, not clearly established law.[6]

## CONCLUSION

Counts III-XVII should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

                                                Respectfully submitted,

                                                DYKEMA GOSSETT PLLC

                                                By: /s/Jill M. Wheaton
                                                     Jill M. Wheaton (P49921)

---

[6] Plaintiff also argues repeatedly that he did not work closely with the Individual Defendants. (Resp., pp. 7, 20.) That means nothing, as he cannot dispute that they were all his superiors and members of the administration at his place of employment. Plaintiff also never addresses the disruption Defendants could have reasonably concluded his comment could cause on his co-workers, students, and prospective students.

        James F. Hermon (P53765)
        Ryan VanOver (P82007)
        Attorneys for Defendants
        Dykema Gossett PLLC
        2723 South State Street, Suite 400
        Ann Arbor, MI 48104
        Telephone: (734) 214-7660
        jwheaton@dykema.com

Dated: March 25, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/Jill M. Wheaton
Jill M. Wheaton (P49921)
Attorneys for Defendants
Dykema Gossett PLLC
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Telephone: (734) 214-7660
jwheaton@dykema.com

117874.000001 4849-4747-8667.2

9