UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark Higbee,

    Plaintiff,

v.                                Case No. 18-13761

Eastern Michigan University, *et. al.*,       Sean F. Cox
                                         United States District Court Judge

    Defendants.
_____/

**INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1
REGARDING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW (ECF No. 43)
AND AMENDED JOINT MOTION TO DISMISS (ECF No. 48)**

On **July 1, 2019**, the Court denied the Individual Defendants' motion to dismiss, concluding that they were not entitled to qualified immunity at that time. (ECF No. 42). On **July 8, 2019**, three developments happened in this case. First, Plaintiff's counsel moved to withdraw. (ECF No. 43). Second, the Individual Defendants filed a notice of appeal of the Court's immunity ruling. (ECF No. 44). This filing divested the Court of jurisdiction over Plaintiff's § 1983 claims against the Individual Defendants. *See Taylor v. Keycorp*, 680 F.3d 609, 616 (6th Cir. 2012). Third, Plaintiff sent a letter to the Court. In his letter, Plaintiff expressed a clear and firm desire to dismiss his claims and asked the Court to "drop the suit and issue the appropriate order." A copy of this letter is filed on the docket. (ECF No. 48-2).

On **July 16, 2019** the parties filed a joint motion to dismiss, seeking two forms of relief. (ECF No. 48). First, the parties ask the Court to enter a stipulated order of dismissal pursuant to Fed. R. Civ. P. 41(a). Second, the parties seek an indicative ruling pursuant to Fed. R. Civ. P. 62.1. The

1

parties also filed a stipulation, wherein Plaintiff and the Individual Defendants agree to the dismissal of this action, with prejudice. (ECF No. 48-3). On July 26, 2019, the Court held a status conference, at which Plaintiff personally signed the stipulation.

The Court currently lacks jurisdiction to grant either the motion to withdraw (ECF No. 43) or the joint motion to dismiss (ECF No. 48) to the extent it seeks entry of the stipulated order of dismissal. However, the Court does have jurisdiction over the joint motion to dismiss to the extent it seeks relief under Rule 62.1, which allows the Court to make an indicative ruling when it lacks jurisdiction because of an appeal:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Court **GRANTS** the joint motion to dismiss (ECF No. 48) to the extent it seeks an indicative ruling pursuant to Rule 62.1(a)(3). **The Court states that, if the Court of Appeals remands for the following purposes, the Court would (1) grant Plaintiff's counsel's motion to withdraw (ECF No. 43), and (2) grant the joint motion to dismiss to the extent it seeks entry of the stipulated order of dismissal with prejudice (ECF No. 48-3) (as personally signed by Plaintiff at the July 26, 2019 status conference).**

The Court **ORDERS** the Individual Defendants to notify the circuit clerk of the Court's ruling, consistent with Rule 62.1(b).

**IT IS SO ORDERED.**

Dated: July 30, 2019            <u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge